## HANNAN *v.* HOPKINS.

### BONDS; DIVORCE AND ALIMONY.

In an action by a wife against the principal and surety on a bond given to supersede a decree against the principal obligor, the plaintiff's husband, which decree recited that the husband was in default in the payment of alimony awarded the plaintiff by a former decree, adjudged him guilty of contempt of court for failure to pay such alimony, and committed him to jail, there can be no recovery of the arrears of alimony, as the bond merely superseded the decree of commitment and not the decree for alimony.

No. 2863. Submitted January 6, 1916. Decided March 13, 1916.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action on a supersedeas bond. *Reversed.*

The COURT in the opinion stated the facts as follows:

This suit at law was brought in the supreme court of the District of Columbia by appellee, Julia B. Hopkins, otherwise known as Julia B. Fletcher, plaintiff below, against defendants Patrick F. Hannan, appellant, and one James J. Fletcher, upon

a supersedeas bond given by defendant Fletcher as principal, and defendant Hannan as surety.

It appears that plaintiff procured a divorce from defendant Fletcher, in which she was decreed alimony. Subsequently, in the same action, defendant Fletcher was cited into court to show cause why he should not be committed for contempt for failure to comply with the order of the court for the payment of alimony. On hearing, a decree was entered finding that Fletcher was in default in the payment of alimony in the sum of $621.-50; that he had wilfully and contumaciously disobeyed the order of the court by his failure to pay the alimony as ordered; and that, in continuing his failure and refusal to pay, he was in contempt of court and of its decree. Fletcher was therefore adjudged in contempt of court, and it was ordered "that he be committed to the Washington asylum and jail for the term of sixty days, or until such earlier time as he shall purge himself of his said contempt by paying the arrears of alimony aforesaid amounting to the sum aforesaid, or be otherwise discharged by order of court, or released according to law, and that he be taken into custody immediately by the marshal of the United States for the District of Columbia for the execution of this order." Appeal from this order was noted, and the penalty of the bond was "fixed at the sum of $100, if for costs, and at $800, if to act as a supersedeas."

Appeal was perfected and a supersedeas bond in the sum of $800 was given, with Hannan as surety. The bond was conditioned "that if the above-named James J. Fletcher shall prosecute his said appeal to effect, and answer all damages and costs if he shall fail to make good his plea, then this obligation shall be void: otherwise, the same shall be and remain in full force and virtue."

On appeal to this court, the decree was affirmed. *Fletcher* v. *Fletcher*, 43 App. D. C. 180. On return of the mandate to the court below, this action was brought on the bond to recover the alimony, with interest. On trial, the court entered judgment for the balance of alimony found to be due, with interest and costs, from which judgment this appeal was prosecuted.

*Mr. Henry E. Davis,* for the appellant, in his brief cited: ·

*Williams* v. *Bruff,* 102 U. S. 248; *Hovey* v. *McDonald,* 109 U. S. 150; *McMinnville, etc. Co.* v. *Huggins,* 7 Coldw. 217; *Dulin* v. *Pacific, etc. Co.* 98 Cal. 304; *Ransom* v. *Pierre,* 101 Fed. 665; *Woolfolk* v. *Bruns,* 45 Minn. 96; *Steele* v. *Wilson,* 9 Bush, 699; *Greiner* v. *Prendergast,* 3 La. Ann. 389; *Maret* v. *Saunders,* 141 Ky. 366; *Markoe* v. *American Surety Co.* 167 N. Y. 602 (affirming 44 App. Div. 485, 60 N. Y. Supp. 674); *Dexter* v. *Sayward,* 79 Fed. 237; *First Nat. Bank* v. *Fidelity & D. Co.* 106 Ill. App. 367; *Smith* v. *Caldwell,* 96 Mo. App. 632.

*Mr. H. Prescott Gatley* and *Mr. John P. McMahon,* for the appellee, in their brief cited:

*Fletcher* v. *Fletcher,* 43 App. D. C. p. 180; *Sistare* v. *Sistare,* 218 U. S. 1; *Davis* v. *Davis,* 29 App. D. C. 258; *American Surety Co.* v. *Shulz,* 237 U. S. 159, 161; *Fulton* v. *Fletcher,* 12 App. D. C. 1, 17; *Davis* v. *Patrick,* 57 Fed. 909, 911; *Egan* v. *Chicago, etc. R. Co.* 163 Fed. 344, 351; *Wood* v. *Brown,* 43 C. C. A. 474, 477; *Catlett* v. *Brodie,* 9 Wheat. 553; *Babbitt* y. *Finn,* 101 U. S. 7; *Kountze* v. *Omaha Hotel Co.* 107 U. S. 386, 387; *Stafford* v. *Bank,* 16 How. 135; *French* v. *Shoemaker,* 12 Wall. 86; *Jerome* v. *McCarter,* 21 Wall. 17; *Smith* v. *Gaines,* 93 U. S. 341; *Bankers' Surety Co.* v. *Security Trust Co.* 39 App. D. C. 354.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is contended by counsel for appellant that the bond merely superseded the order for commitment, and not the judgment for alimony for which Fletcher was found to be in default. With this contention we agree. The finding that he was in default did not amount to a judgment for accrued alimony, but merely a recital of his failure to comply with the former

decree, which furnished the basis for the order of commitment.

It will be observed that this is not a judgment for accrued alimony, but a decree finding appellant guilty of contempt of court in failing to comply with a former decree awarding alimony. The order is for a cost bond of $100, staying execution for costs of that proceeding pending appeal, or for a supersedeas bond for $800, staying execution of the sentence of imprisonment pending appeal. We think it too clear for argument that the bond in no way superseded or stayed execution on the judgment in the former decree for the payment of alimony. The bond stayed only the order of commitment, and in no way affected the enforcement of the judgment for alimony which was embraced in the divorce decree. Execution could have been issued on that decree at any time, regardless of the bond staying appeal upon the commitment order to this court.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.                              *Reversed and remanded.*